IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| Marline Simington, | ) | |
|---|---|---|
| Plainntiff, | ) | Case No. CIV-11-1391 M |
| v. | ) | |
| Discover Bank, USA N. A., | ) | FILED |
| Zwicker & Associates, P.A. | ) | NOV 2 3 2011 |
| Burton E. Stacy Jr., aka, Hood & Stacy P.A. | ) | ROBERT D. DENNIS, CLERK |
| | ) | U.S. DIST. COURT, WESTERN DIST. OF OKLA. |
| Defendants, | ) | BY_____ DEPUTY |

## COMPLAINT

COMES NOW the Plaintiff, Marline Simington, pro se, in the above styled cause, and for her Complaint against the Defendants states as follows:

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") Deceptive and Unlawful Trade Practices 15 Okl. St. § 753, (FCRA) Fair Credit Reporting Act 15 U.S.C. 1681, Breach of Contract, Intentional Inflection of Undue Emotional Distress and out of the invasions of Plaintiff's personal and financial privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

## PARTIES

2. Plaintiff is a natural person who is a resident of Oklahoma, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

3. Defendant Zwicker & Associates P.C., ("Defendant" or "Zwicker & Assoc.") is a foreign debt collection firm that engages in the business of debt collection. It conducts business in Massachusetts. Its principal place of business is in the state Massachusetts. Zwicker & Assoc., is not licensed in the state of Oklahoma.

4. Defendant Burton E. Stacy Jr., aka. Hood & Stacy P.A., ("Defendant" or "Burton E. Stacy Jr., aka. Hood & Stacy P.A") is a foreign debt collection firm that engages in the business of debt collection. It conducts business in Arkansas and Oklahoma. Its principal place of business is the State of Arkansas.

1.

5. Defendant, Discover Bank, USA N. A., a national banking corporation, is a "Creditor" and a "financial Institution" as defined by FCRA Section 603.(5)(t), that regularly and in the course of business, furnishes information to one or more consumer reporting agencies about their transactions or experiences with any consumer.

## FACTUAL ALLEGATIONS

6. Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a().

7. To the best of Plaintiffs's knowledge and belief, Defendant Zwicker & Assoc., and Burton E. Stacy Jr., have used the mails of the United States to attempt to collect from Plaintiff an alleged debt purportedly previously owed to an "original creditor", Defendant, Discover Bank, which has purportedly been "charged off".

8. Defendant Zwicker & Assoc., began harassing collection activities against Plaintiff on July 29, 2009, and continued until they transfered/assigned said account to Defendant Burton E. Stacy Jr., aka. Hood & Stacy P.A. on or after April 11, 2010.

9. Defendant Zwicker & Assoc., knowingly made a large number of harassing and repeated blocked phone calls to Plaintiff's cell phone, while under written cease & decease.

10. Defendant Zwicker & Assoc., refused on one or more occasions to give the mini-miranda and other disclosures as required when speaking with plaintiff in its efforts to collecting the debt.

11. Defendant Zwicker & Assoc., also illegally used an autodialer, predictive dialer, and/or pre-recorded calls to Plaintiff's cell phone without permission to do so in violation of the Telephone Consumer Protection Act (TCPA).

12. Plaintiff never gave either Defendant Zwicker & Assoc., or any other party permission to call Plaintiff's cell phone with an autodialer, predictive dialer, or to use pre-recorded calls.

13. The harassing and repeated phone calls have been made within the applicable statute of limitations period under 28 U.S.C. § 1658(a).

14. Defendant Zwicker & Assoc., is liable for these calls under the TCPA as they were made by them serving as debt collectors, as Defendant Zwicker & Associates, P.C., which was told to Plaintiff that they were collecting this account on behalf of Discover Bank. Defendant Zwicker & Assoc. then later transfered/assigned the alleged debt to Defendant Burton E. Stacy Jr., aka. Hood & Stacy P.A., for litigation.

2.

**15.** Defendant Burton E. Stacy Jr., aka. Hood & Stacy P.A., misrepresented the nature and character amount of the alleged debt when asked to verify the debt according to the FDCPA.

**16.** Defendant Burton E. Stacy Jr., aka. Hood & Stacy P.A., failed to notice Plaintiff of the 15 day notice of "Right to Cure" per. Discover Banks contract, before proceeding in litigation.

**17.** Defendant Burton E. Stacy Jr., aka. Hood & Stacy P.A., have violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692e, because it made and/or employed false, deceptive and misleading representations and/or means in connection with the instant cause of action. Said false, deceptive and misleading representations, were and have been made and are being made to Plaintiff and others as more specifically set out hereafter. Some or all of said false, deceptive and misleading representations were knowingly and intentionally made by Defendant's attorney.

**18.** Defendant Burton E. Stacy Jr., aka. Hood & Stacy P.A., failed to properly serve notice per. FDCPA 15 U.S.C §1692e(11) and §1692g. And served Defendant with suit before 1st., communication letter was ever sent.

**19.** Defendant Burton E. Stacy Jr., aka. Hood & Stacy P.A., failed to validate Plaintiffs verification notice within (5) days to properly serve notice per. FDCPA 15 U.S.C §1692e(11) and §1692g since summons was 1st. Communication made by Defendant.

**20.** Defendant Burton E. Stacy Jr., aka. Hood & Stacy P.A., notice failed to comply to serve notice per. §1692g. By failing to notify Plaintiff after being served within (5) days of right to cure alleged debt, 15 U.S.C. §1692g(a)(1)-(5); Walker v. National Recovery, Inc., 200 F.3d 500, 501 (7th Cir. 1999).

**21.** The false representation of the character, amount, or legal status of the debt. "The filing of the lawsuit is was a misrepresentation of the legal status based on the language of the contract that waives a court of law as an available venue" FDCPA 15 §1692(e)(2)(A)

**22.** Under the FDCPA, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Defendant Burton E. Stacy Jr., aka. Hood & Stacy P.A., fails to respond to elections of binding contract arbitration, and continues to overshadow and proceed with legal action after election of arbitration. FDCPA 15 U.S.C. §1692d.

**23.** Deception, ... for continuing litigating instead of arbitrating. Defendant filed suit and served process on Plaintiff before serving Plaintiff (30) notice. Plaintiff elected, noticed and initiated arbitration and Defendant continued to denied her contract rights to arbitration By continuing litigation and not dismissing the case, and misrepresenting the language of the contract. FDCPA 15 U.S.C §1692(e)(5)

3.

24.     The threat to take any action that cannot legally be taken or that is not intended to be taken. Defendant sent Plaintiff a letter" after" serving process stating that " If I do not hear from you within (10) days I may be forced to proceed with legal action. FDCPA 15 U.S.C §1692(e)(5)

25.     The false representation of the character, amount, or legal status of the debt. 1st. letter states a higher amount ($12,890.44) than sued upon ($11,585.55). "The filing of the lawsuit is a misrepresentation of the legal status based on the language of the contract that waives a court of law as an available venue" FDCPA 15 U.S.C §1692(e)(2)(A)

26.     The false representation of the character, amount, or legal status of the debt. Burton E. Stacy Jr., served Plaintiff process on April 7th., 2010 for Breach of Contract in the amount of $11,525.58 plus pre-judgment interest of -0-, then on April 9th., 2010, Burton E. Stacy Jr., sends Plaintiff a letter stating a balance of $12,890.44 after serving of the lawsuit and clearly is a misrepresentation of the legal status, and character amount due on the alleged account. Also Burton E. Stacy Jr., says "If I do not hear from you within ten (10) days I may be forced to proceed with legal action. This was quite confusing and stressful to say the least, and was meant to confuse Plaintiff of the true legal status since Plaintiff was already served process on April 7th., 2010 and given 35 days to respond to suit or face judgement. Receipt of the respondents letter misrepresented the amount of the alleged debt resulting in 4 violations of the FDCPA as follows: 15 U.S.C. §1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. §1692f, 15 U.S.C. §1692f(1) the representations were knowingly and intentionally made by Defendant, Burton E. Stacy Jr., aka. Hood & Stacy P.A

27.     Defendant Burton E. Stacy Jr., aka. Hood & Stacy P.A. have violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692e, because it made and/or employed false, deceptive and misleading representations and/or means in connection with the instant cause of action. Said false, deceptive and misleading representations, which were and have been made to Plaintiff and others as more specifically set out hereafter. Some or all of said false, deceptive and misleading representations were knowingly and intentionally made by Defendant Burton E. Stacy Jr., aka. Hood & Stacy P.A. Law Firm.

28.     Defendant Burton E. Stacy Jr., aka. Hood & Stacy P.A. has violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692d because it engaged in conduct that has harassed, oppress, and abuse the Plaintiff in connection with the filing of the instant Complaint against Plaintiff. And as a result of filing the Complaint against Plaintiff, in other actions specifically set out hereafter. Defendant Burton E. Stacy Jr., aka. Hood & Stacy P.A. knowingly and intentionally engaged in harassing, oppressive, and/or abusive conduct toward the Plaintiff. Defendant Burton E. Stacy Jr., aka. Hood & Stacy P.A. knew or should have known that the natural consequences of said conduct would be to harass, oppress, or abuse the Plaintiff.

29.     Defendant Burton E. Stacy Jr., aka. Hood & Stacy P.A. has not represented to Plaintiff that it had the legal right to collect the sums sought in the amount of $11,525.58. Defendant Burton E. Stacy Jr., aka. Hood & Stacy P.A. did not in fact have the legal right to collect the sums claimed from Plaintiff, or any other amount, and knew or should have known same when it filed the instant lawsuit against Plaintiff.

30.     Upon information and belief, Defendant Burton E. Stacy Jr., aka. Hood & Stacy P.A., did not have the legal right to collect this sum because no sum is owed by Plaintiff to Defendant(s), and/or any party under whom Defendant(s) were claiming to hold an assignment, and further, no valid assignment to Defendant(s) exists. Although Defendant Burton E. Stacy Jr., aka. Hood & Stacy P.A., complaint did not expressly allege same, on knowledge and belief, Plaintiff believes Defendant(s) were claiming to hold the alleged debt sued upon by assignment from another entity, specifically, Zwicker & Assoc. By falsely representing that there exists a proper and legally valid assignment between Defendant(s) and the original creditor of the account, if Defendant(s) were so representing, and that Defendant(s) had a right of recovery against Plaintiff thereon, and by filing a lawsuit against Plaintiff allegedly thereon, Defendant(s) have violated the FDCPA, and is liable to Plaintiff for statutory and actual damages thereon, attorneys' fees, and costs. Said violations include, but are not limited to violations of 15 U.S.C. §1692e, et seq. and 15 U.S.C. §1692d, et seq.

31.     Defendant Burton E. Stacy Jr., aka. Hood & Stacy P.A. has made knowing and intentional misrepresentations or misleading and/or false representations as to the legal status, character, and/or amount of the debt and are in violation of 15 U.S.C. §1692e(2), and in violation of U.S.C.15 §1692e(10).

32.     The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. §1692f(1).

33.     To the best of Plaintiff's knowledge and belief, at the time of filing the instant lawsuit, Defendant Burton E. Stacy Jr., aka. Hood & Stacy P.A., did not have in its possession, and was unable to acquire or produce, the entire "Purchase Agreement" (or Discover Credit Card Contract) pursuant to the said purported "account" of Plaintiff on which it sued. At the time of filing the instant lawsuit, Defendant Burton E. Stacy Jr., aka. Hood & Stacy P.A. were aware, or should have be aware, of the above. Thus, for this reason also, Defendant Burton E. Stacy Jr., aka. Hood & Stacy P.A. have knowingly and intentionally filed the instant lawsuit under circumstances in which it knows or should have known that it would be unable to make out any claim against Plaintiff herein. The above constitute violations by Defendant Burton E. Stacy Jr., aka. Hood & Stacy P.A. of 15 U.S.C. §1692d, 15 U.S.C. §1692e, and 15 U.S.C.15 §1692f.

**34.** By filing suit, Defendant Burton E. Stacy Jr., Aka. Hood & Stacy P.A. has made the false, knowing, and intentional representation to the Plaintiff and all other persons having or acquiring knowledge of the claims of Defendant Burton E. Stacy Jr., aka. Hood & Stacy P.A. against Plaintiff, and said suit, including credit reporting bureaus, and persons or entities Plaintiff might seek to obtain credit from, present or future potential employers of Plaintiff, and other persons and entities that it had the legal right to pursue this account in the Court filing with the said action in Court.

**35.** Defendant Burton E. Stacy Jr., aka. Hood & Stacy P.A. has made false, knowing and Intentionally deceptive and/or misleading representations to the general public, creditors of Plaintiff, persons or entities Plaintiff might seek to obtain credit from, present or future potential employers of Plaintiff, and others with respect to said account, all of which constitute violations of The Fair Debt Collections Practices Act, and The Fair Credit Reporting Act.

**36.** Defendant Burton E. Stacy Jr., aka. Hood & Stacy P.A. did not have in its possession or have available to it the original or an accurate copy of the specific "agreement" under which the above alleged account was originated. Also, Defendant(s) did not have in its possession or available to it The Original or an accurate copy of all or any of the subsequent amended agreements which were from time to time made and in effect with respect to said account.

**37.** The terms and conditions of both the "original" agreement and subsequent amendments governed the said account, including such things as interest rates, late fees, payment periods, grace periods, and pertinent dates, which agreement, agreements, and all amendments thereto determined the exact amount due and owing under said agreement or agreements, to the extent that any amount is due and owing with respect to said alleged account. At the time Defendant Burton E. Stacy Jr., aka. Hood & Stacy P.A., filed the instant action Defendant(s) knew or should have known that it lacked the above agreements and knowledge, and is unable to acquire same. Defendant Burton E. Stacy Jr., aka. Hood & Stacy P.A., have knowingly and illegally misrepresented that the said amount which sued for in court, in the amount of $11,585.55, but states in a untimely validation letter that Plaintiff owes a balance of 12,890.44.

**38.** Based on the allegations above and further set forth herein, Defendant Burton E. Stacy Jr., aka. Hood & Stacy P.A., And Zwicker & Asso., have violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff by, without limitation; continuing to pursue collection of a disputed and unverified debt; and filing suit on an invalid debt, forcing Plaintiff to defend against an invalid action, and further, and in addition thereto, knew or should have known that it has engaged in such conduct, and the said consequences thereof.

Upon information and belief, Defendant Burton E. Stacy Jr., aka. Hood & Stacy P.A., or Zwicker & Assoc., have communicated credit information to persons, including but not limited to credit reporting bureaus or agencies, with respect to Plaintiff, which it knew or should have known to be false, including without limitation allegations that Plaintiff owed the purported debt which was the subject of the action, and/or that Plaintiff owed said debt to Defendant and/or that Defendant Discover Bank was the alleged original creditor of said alleged debt.

39. By falsely representing that Defendant(s) are either an assignee of an original creditor, and/or that said assignment constitutes a proper, competent, or valid assignment between Defendant(s) and the original creditor of any alleged debt by any alleged original creditor to Defendant(s), and/or that Defendant is the original creditor, Defendant Burton E. Stacy Jr., aka. Hood & Stacy P.A., attorney(s) have made material, false and misleading representations, and has further communicated to Plaintiff and other persons credit information which is known or which should be known to be false, including the above, the failure to communicate that a disputed debt is disputed, the false and misleading representation and other material false and misleading representations, and has violated 15 U.S.C. §1692e, §1692e(2) A), § 1692e(5), § 1692e(10) and § 1692f. Defendants(s) either knew or should have known all of the above.

40. By reporting the account sued on to credit bureaus with misleading information regarding the nature and/or status of said alleged debt with respect to such matters as the identity of the original creditor, the relevant dates, payments and ages of said alleged debt, as well other matters which Defendant(s) knew or should have known would mislead, Defendant(s) have violated 15 U.S.C. §1692e(2)(A), 1692(e), 1692e(10) and 1692k(a)(3).

41. The Fair Debt Collection Practices Act, §1692k, provides for actual damages, statutory damages up to one-thousand dollars ($1,000.00) per. violation, costs of the action, and reasonable attorney fees. Plaintiff has suffered actual damages as the proximate and actual cause and result of the violations of the FDCPA by Defendant(s) to be determined during trial. Defendant(s) are liable to Plaintiff for statutory damages as prescribed by §1692k(a)(2)(A), actual damages pursuant to §1692k(a)(1) in an amount to be determined at time of trial, and reasonable attorneys' fees and costs pursuant to §1692k (A)(3). 36.

42. Defendant Burton E. Stacy Jr., notice failed to comply to serve notice per. 15 U.S.C. §1692g. by failing to notify Defendant after being served within (5) days of right to cure alleged debt, 15 U.S.C. §1692g(a)(1)-(5); Walker v. National Recovery, Inc., 200 F.3d 500, 501 (7th Cir. 1999). None

of the letters sent to Plaintiff by Defendant's Assignee were signed by an attorney. Therefore, such letters are just reprints of a form letter prepared by Defendant's Assignee to use in collecting or attempting to collect the debt, and that attorney has never reviewed Plaintiff's file or any communication sent to Plaintiff by any attorney. Wherefore, Defendant's Assignee stands in Violation of Sections 1692e(3) and 1692e(10) of FDCPA. Please see Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1235-38 (5th Cir. 1997); cf. White v. Goodman, 200 F.3d 1016, 1018 (7th Cir. 2000); Avila v. Rubin, 84 F.3d 222, 228-29 (7th Cir. 1996); United States v. National Financial Services, Inc., 98 F.3d 131, 135-37 (4th Cir. 1996); Clomon v. Jackson, 988 F.2d 1314, 1320-21 (2d Cir. 1993)

Plaintiff hereby claims and prays for actual damages under the Fair Debt Collection Practices Act, and for statutory damages as set forth above for each and every violation of the Fair Debt Collection Practices Act proven during the trial of this case, and reasonable attorneys' fees and costs there under.

## SUMMARY

**43.** All of the above-described collection communications made to Plaintiff by Defendant(s) during the collection of a alleged debt occurred while acting as agents of Discover Bank and were made in violation of the FDCPA, TCPA and Oklahoma Deceptive and Unlawful Trade Practices.

**44.** The above-detailed conduct by these Defendants of harassing Plaintiff in an effort to collect this debt was also an invasion of Plaintiff's privacy by an intrusion upon seclusion and resulted in actual damages to the Plaintiff.

**45.** This series of abusive blocked collection calls to Plaintiffs cell phone made by Defendant Zwicker & Assoc., and their agents caused Plaintiff undue stress, mental anguish and martial separation as a result of these abusive calls.

**46.** Defendants' repeated attempts to collect this debt from Plaintiff and refusal to stop violating the law was an invasion of Plaintiff's privacy and Plaintiff's right to be left alone.

**47.** Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, martial separation, as well as suffering from unjustified and abusive invasions of personal privacy.

**48.** All actions by Defendant Zwicker & Assoc., and Burton E. Stacy Jr., were in the line and scope of its agency relationship with Defendant Discover Bank and Defendant Discover Bank is responsible for all of the wrongful acts of the Defendant Zwicker & Assoc., and Burton E. Stacy Jr.

## **NEGLIGENT AND WANTON HIRING AND SUPERVISION**
OKLAHOMA: See Section 47-7-101 et seq.

**49.** Defendant Discover Bank negligently and/or wantonly hired, retained, or supervised incompetent debt collectors and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## **CAUSES OF ACTION**
### **COUNT I.**
VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
**15 U.S.C. § 1692 et seq.**

**50.** Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**51.** The acts and omissions of Defendant Zwicker & Assoc., and its agent, Defendant Burton E. Stacy Jr., aka. Hood & Stacy P.A., constitute numerous and multiple violations of the FDCPA with respect to the Plaintiff, including the failure to give the required mini-miranda warning and other disclosures, therefor not giving good faith opportunity to resolve the claim without the necessity of a proceeding.

**52.** As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); (2) actual and compensatory damages; and, (3) reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant's.

## **CAUSES OF ACTION**
### **COUNT II.**
VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA)
(47 U.S.C. § 227)

**53.** Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

**54.** Defendant Zwicker & Assoc., has repeatedly violated the TCPA by the means of blocked calls made to Plaintiff, specifically the numerous calls by illegal automatic dialers, predictive dialers, and/or pre-recorded messages that have been unleashed against Plaintiff by Defendant, Zwicker & Assoc.

55. There is no exception or justification for the numerous violations of the TCPA by Defendant Zwicker & Assoc., as Plaintiff has not consented to the Defendant to use these against Plaintiff's cell phone.

56. Each call is a separate violation and entitles Plaintiff to statutory damages against Defendant Zwicker & Assoc., in the amount of at least $500.00 per call and Plaintiff requests that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call. 47 U.S.C. § 227(b)(3).

57. All actions taken by Defendant, Zwicker & Assoc., were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA.

58. All of the violations of the TCPA proximately caused the injuries and damages set forth in this Complaint.

## CAUSES OF ACTION
## COUNT III.
VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
15 U.S.C. 1681 et seq.

59. Defendant Discover Bank, Zwicker & Assoc. and Burton E. Stacy Jr., aka. Hood & Stacy P.A., for violations of Federal Law for impermissible credit pulls during or for litigation, failure to report a disputed debt, and failure to validate a disputed debt in an amount to be determined at trial for Plaintiff.

# CAUSES OF ACTION
## COUNT IV.
### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

**60.** Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

**61.** Oklahoma law recognizes Plaintiff's right to be free from invasions of privacy and Defendants violated Oklahoma state law as described in this Complaint.

**62.** Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings: **Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.**
15 U.S.C. § 1692(a) (emphasis added).

**63.** Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes: It is the policy of the Congress that each financial institution has an affirmative and continuing **obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.
15 U.S.C. § 6801(a) (emphasis added).

**64.** Defendants and/or their agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

**65.** Defendants and their agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt thereby invading and intruding upon Plaintiff's right to privacy.

**66.** Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

67. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

68. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

69. All acts of Defendants and their agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendants are subject to punitive damages.

## CAUSES OF ACTION
### COUNT V.
NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND INTENTIONAL CONDUCT SUPERVISION OF INCOMPETENT DEBT COLLECTORS

70. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

71. Defendants negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

72. Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint.

73. Defendants violated all of the duties Defendants had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

74. It was foreseeable, and Defendants did in fact foresee it, the actions of the Defendants would lead and did lead to the exact type of harm suffered by Plaintiff.

75. Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint.

76. Defendants invaded the privacy of Plaintiff as set forth in Oklahoma law.

77. Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

78. As a result of this conduct, action, and inaction of Defendants, Plaintiff has suffered damage as set forth in this Complaint.

## CAUSES OF ACTION
### COUNT V
### BREACH OF CONTRACT

79. By Defendant Burton E. Stacy Jr., aka. Hood & Stacy P.A, failing to honor Defendants rights to private binding contract arbitration timely therefor creating undue stress, worry, anxiety and deception of the true legal statues of the account by false representation of the character, amount, or legal status of the debt, therefor breaching the contract. And (1) not giving Defendant (15) day written notice ("Claim Notice") of the claim before initiating, joining or participating in any judicial or arbitration proceeding, (2) therefor not giving good faith opportunity to resolve the claim without the necessity of a proceeding.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendants as follows:

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants' Zwicker & Assoc., and Burton E. Stacy Jr., aka. Hood & Stacy P.A.,;
- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants' Zwicker & Assoc. and Burton E. Stacy Jr., aka. Hood & Stacy P.A.,;
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants' Zwicker & Assoc., and Burton E. Stacy Jr., aka. Hood & Stacy P.A.,:
- for such other and further relief as may be just and proper.

## COUNT II.
### TCPA

- for an award of actual damages from Defendant Zwicker & Assoc. for the all damages including emotional distress, due to martial seperation suffered as a result of the intentional, reckless, and/or negligent TCPA violations in an amount to be determined at trial for Plaintiff;
- statutory damages of $500.00 or $1,500.00 per call; and
- for such other and further relief as may be just and proper.

## COUNT III.
### FCRA

- for an award of actual damages from Defendant Discover Bank and Zwicker & Assoc. for violations of Federal Law for impermissible credit pulls during or for litigation, in an amount to be determined at trial for Plaintiff;
- punitive damages; and
- for such other and further relief as may be just and proper.

## COUNT IV.
### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- for an award of actual damages from Defendants' Zwicker & Assoc.,and Burton E. Stacy Jr., aka. Hood & Stacy P.A..; for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent state law violations in an amount to be determined at trial for Plaintiff;
- punitive damage; and
- for such other and further relief as may be just and proper.

## COUNT V.
### NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND INTENTIONAL CONDUCT, SUPERVISION OF INCOMPETENT DEBT COLLECTORS

- for an award of actual damages from all Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA/TCPA/FCRA violations, intentional, reckless, and/or negligent hiring and supervision of incompetent debt collectors intentional, reckless, and/or negligent violations of state law in an amount to be determined at trial for Plaintiff;
- punitive damage; and for an award of actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent violations of state law in an amount to be determined at trial for Plaintiff;
- punitive damages; and for such other and further relief as may be just and proper.

## COUNT VI.

Unlawful practices:

15 Okl. St. § 753  15 Okl. St.

Liability under Consumer Protection Act in the amount of $10,000 per., Defendant, and/or such other and further relief that deems just and proper.

Respectfully,

Marline Simington, pro, se

709 SW Lee Blvd.

Lawton, Ok 73501


Served defendants via certified mail at the following addresses:

Burton E. Stacy Jr.,

Hood & Stacy P.A.

216 N. Main Street

Bentonville, AR 72712


Zwicker & Associates P.C.

80 Minuteman Rd.

Andover, Massachusetts  01810


Discover Bank

Legal Dept.

PO Box 30416

Salt Lake City, UT 84130


**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**