IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

MARLINE SIMINGTON,                       )
            Plaintiff,                )
vs.                                      )
                                     )   Case No.   CIV-11-1391 M
DISCOVER BANK, USA N.A.,                  )
ZWICKER & ASSOCIATES, P.A.               )
BURTON E. STACY JR., AKA, HOOD           )
& STACY P.A.,                            )
            Defendants.             )
                                         )

## DEFENDANT ZWICKER & ASSOCIATES, P.C.'S ANSWER TO THE COMPLAINT OF MARLINE SIMINGTON

Defendant Zwicker & Associates, P.C., incorrectly sued herein as Zwicker & Associates, P.A. ("Zwicker"), hereby files it's Answer to the Complaint filed by Plaintiff Marline Simington ("Simington").

First Defense

Zwicker responds as follows to the individually-numbered paragraphs of the Complaint:

1.      The allegations contained in this paragraph constitute legal conclusions to which no response is required.  To the extent this paragraph is intended to allege violations of law or wrongdoing by Zwicker, Zwicker denies the allegations.

2.      Zwicker admits that Simington is a natural person who is a resident of Oklahoma.  Zwicker can neither admit nor deny that Simington is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) for the reason that Zwicker is unaware of the purposes for which the indebtedness in question was incurred.

1

3.      Zwicker admits that it is a debt collection law firm and professional corporation which is organized under the laws of Massachusetts with a principal place of business located in Andover, MA, and that Zwicker conducts business in Massachusetts.  Zwicker denies all remaining allegations and all inconsistent allegations contained in this paragraph.

4.      No response required as the allegations contained in this paragraph are directed toward the co-defendant.

5.      No response required as the allegations contained in this paragraph are directed toward the co-defendant.

6.      Zwicker can neither admit nor deny the allegations contained in this paragraph for the reason that Zwicker is unaware of the purposes for which the indebtedness in question was incurred.

7.      Zwicker denies the allegations contained in this paragraph.  Further answering, Zwicker states that its client, Discover Bank, who is the original creditor, placed Simington's account with Zwicker for collection of debt.

8.      Zwicker denies the allegations contained in this paragraph.  Further answering, Zwicker states that Simington's account was placed with Zwicker for the collection of Simington's debt owed to Zwicker's client on or about September 1, 2009. Zwicker referred Simington's account to co-defendant Hood & Stacy on or about January 27, 2010 and did not communicate with Simington thereafter.

9.      Zwicker denies that it made any blocked phone calls to Simington, denies that it received a written cease and desist request from Simington and denies all of the remaining allegations contained in this paragraph.

10.     Zwicker denies the allegations contained in this paragraph.

2

11.     Zwicker denies the allegations contained in this paragraph.

12.     Zwicker lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

13.     Zwicker denies the allegations contained in this paragraph.

14.     Zwicker denies the allegations contained in this paragraph.   Further answering, Zwicker states that the relationship between it and Hood & Stacy has been at all relevant times that of independent contractors.

15.     No response required as the allegations contained in this paragraph are directed toward the co-defendant.

16.     No response required as the allegations contained in this paragraph are directed toward the co-defendant.

17.     No response required as the allegations contained in this paragraph are directed toward the co-defendant.

18.     No response required as the allegations contained in this paragraph are directed toward the co-defendant.

19.     No response required as the allegations contained in this paragraph are directed toward the co-defendant.

20.     No response required as the allegations contained in this paragraph are directed toward the co-defendant.

21.     The allegations contained in this paragraph constitute legal conclusions to which no response is required.   To the extent that this paragraph is intended to allege violations of law or wrongdoing by Zwicker, Zwicker denies the allegations.

22.     No response required as the allegations contained in this paragraph are directed toward the co-defendant.  To the extent the allegations contained in this paragraph are directed toward Zwicker, Zwicker denies the allegations.

23.     No response required as the allegations contained in this paragraph are directed toward the co-defendant.  To the extent the allegations contained in this paragraph are directed toward Zwicker, Zwicker denies the allegations.

24.     No response required as the allegations contained in this paragraph are directed toward the co-defendant.  To the extent the allegations contained in this paragraph are directed toward Zwicker, Zwicker denies the allegations.

25.     No response required as the allegations contained in this paragraph are directed toward the co-defendant.  To the extent the allegations contained in this paragraph are directed toward Zwicker, Zwicker denies the allegations.

26.     No response required as the allegations contained in this paragraph are directed toward the co-defendant.  To the extent the allegations contained in this paragraph are directed toward Zwicker, Zwicker denies the allegations.

27.     No response required as the allegations contained in this paragraph are directed toward the co-defendant.  To the extent the allegations contained in this paragraph are directed toward Zwicker, Zwicker denies the allegations.

28.     No response required as the allegations contained in this paragraph are directed toward the co-defendant.  To the extent the allegations contained in this paragraph are directed toward Zwicker, Zwicker denies the allegations.

29.     No response required as the allegations contained in this paragraph are directed toward the co-defendant.  To the extent the allegations contained in this paragraph are directed toward Zwicker, Zwicker denies the allegations.

30.     To the extent the allegations contained in this paragraph are directed toward Zwicker, Zwicker denies the allegations.  To the extent the allegations contained in this paragraph are directed toward Zwicker, Zwicker denies the allegations.

31.     No response required as the allegations contained in this paragraph are directed toward the co-defendant.  To the extent the allegations contained in this paragraph are directed toward Zwicker, Zwicker denies the allegations.

32.     The allegations contained in this paragraph constitute legal conclusions to which no response is required.  To the extent this paragraph is intended to allege violations of law or wrongdoing by Zwicker, Zwicker denies the allegations.

33.     No response required as the allegations contained in this paragraph are directed toward the co-defendant.  To the extent the allegations contained in this paragraph are directed toward Zwicker, Zwicker denies the allegations.

34.     No response required as the allegations contained in this paragraph are directed toward the co-defendant.  To the extent the allegations contained in this paragraph are directed toward Zwicker, Zwicker denies the allegations.

35.     No response required as the allegations contained in this paragraph are directed toward the co-defendant.   To the extent the allegations contained in this paragraph are directed toward Zwicker, Zwicker denies the allegations.

36.     No response required as the allegations contained in this paragraph are directed toward the co-defendant.  To the extent the allegations contained in this paragraph may be directed toward Zwicker, Zwicker denies the allegations.

37.     No response required as the allegations contained in this paragraph are directed toward the co-defendant.  To the extent that the allegations may be directed toward Zwicker, Zwicker denies the allegations.  To the extent that the allegations in this paragraph constitute legal conclusions, no response is required.

38.     To the extent that the allegations contained in this paragraph are directed at Zwicker, Zwicker denies the allegations.  Further answering, Zwicker states it does not report any information to credit reporting agencies.

39.     No response required as the allegations contained in this paragraph are directed toward the co-defendant.  To the extent that the allegations may be directed toward Zwicker, Zwicker denies the allegations.

40.     No response required as the allegations contained in this paragraph are directed toward the co-defendant.  To the extent the allegations contained in this paragraph are directed toward Zwicker, Zwicker denies the allegations.  Further answering, Zwicker states it does not report any information to credit reporting agencies.

41.     The allegations contained in this paragraph constitute legal conclusions to which no response is required.  To the extent the allegations are deemed to be allegations of fact, Zwicker denies the allegations.

42.     No response required as the allegations contained in this paragraph are directed toward the co-defendant.  To the extent the allegations may be directed toward Zwicker, Zwicker denies the allegations.

6

Responding to the un-numbered paragraph between paragraphs 42 and 43, Zwicker denies that Simington is entitled to any damages, attorney's fees, costs or any other relief as against Zwicker.

43.    The allegations contained in this paragraph constitute legal conclusions to which no response is required.  To the extent the allegations are deemed to be allegations of fact, Zwicker denies the allegations.

44.    The allegations contained in this paragraph constitute legal conclusions to which no response is required.  To the extent the allegations are deemed to be allegations of fact, Zwicker denies the allegations.

45.    Zwicker denies that it made any blocked calls and denies all of the remaining allegations contained in this paragraph.

46.    The allegations contained in this paragraph constitute legal conclusions to which no response is required.  To the extent the allegations are deemed to be allegations of fact as against Zwicker, Zwicker denies the allegations.

47.    Zwicker denies the allegations contained in this paragraph.

48.    Zwicker denies the allegations contained in this paragraph.

49.    Zwicker denies the allegations contained in this paragraph.

50.    Zwicker incorporates by reference its responses to paragraphs 1 through 49 above as if fully set-forth herein.

51.    Zwicker denies the allegations contained in this paragraph.

52.    Zwicker denies that Simington is entitled to any damages, attorney's fees, costs or any other relief.

53.    Zwicker incorporates its responses to paragraphs 1 through 52 above as if

fully set forth here-in.

54.     Zwicker denies the allegations contained in this paragraph.

55.     Zwicker denies the allegations contained in this paragraph.

56.     Zwicker denies that it violated any laws and denies that Simington is entitled to any damages or any other relief.

57.     Zwicker denies the allegations contained in this paragraph.

58.     The allegations contained in this paragraph constitute legal conclusions to which no response is required.  To the extent the allegations are deemed to be fact, Zwicker denies the allegations.

59.     Zwicker denies the allegations contained in this paragraph.

60.     Zwicker incorporates its responses to paragraphs 1 through 59 above as if fully set-forth herein.

61.     The allegations contained in this paragraph constitute legal conclusions to which no response is required.  To the extent the allegations are intended to allege violations of law or wrongdoing by Zwicker, Zwicker denies the allegations.

62.     The allegations contained in this paragraph constitute legal conclusions to which no response is required.  To the extent the allegations are intended to allege violations of law or wrongdoing by Zwicker, Zwicker denies the allegations.

63.     The allegations contained in this paragraph constitute legal conclusions to which no response is required.  To the extent the allegations are intended to allege violations of law or wrongdoing by Zwicker, Zwicker denies the allegations.

64.     Zwicker denies the allegations contained in this paragraph.

65.     Zwicker denies the allegations contained in this paragraph.

8

66.     The allegations contained in this paragraph constitute legal conclusions to which no response is required.   To the extent the allegations are intended to allege violations of law or wrongdoing by Zwicker, Zwicker denies the allegations.

67.     The allegations contained in this paragraph constitute legal conclusions to which no response is required.   To the extent the allegations are deemed to be fact, Zwicker denies the allegations.

68.     Zwicker denies any wrongdoing or that it violated any laws and denies that Simington is entitled to any damages or any other relief.

69.     Zwicker denies the allegations contained in this paragraph and deny that Simington is entitled to any damages or any other relief.

70.     Zwicker incorporates by reference its responses to paragraphs 1 through 69 above as if fully set-forth herein.

71.     Zwicker denies the allegations contained in this paragraph.

72.     Zwicker denies the allegations contained in this paragraph.

73.     Zwicker denies the allegations contained in this paragraph.

74.     Zwicker denies the allegations contained in this paragraph.

75.     Zwicker denies the allegations contained in this paragraph.

76.     Zwicker denies the allegations contained in this paragraph.

77.     Zwicker denies the allegations contained in this paragraph and denies that Simington has suffered any damage.

78.     Zwicker denies the allegations contained in this paragraph and denies that Simington has suffered any damage.

79.     No response required as the allegations contained in this paragraph are

9

directed toward the co-defendant.

Responding to Simington's prayer for relief including each of the sections that begins with "COUNT….," , Zwicker denies that Simington is entitled to any judgment, damages, attorney's fees, costs or any other relief on any of her claims.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

1.      Zwicker denies that Simington has sustained any actual damages;[1] if Simington does have any actual damages, however, such damages are subject to the defense of failure to mitigate.

2.      Zwicker asserts that Simington should be denied any statutory damages.   *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 176 L.Ed.2d 519 (2010).

3.      Zwicker asserts that an award of statutory damages in the absence of actual damages would be a denial of Zwicker's right to due process under the Constitution of the United States of America.   *See, e.g., State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003).

4.      If Simington has incurred any harm or damages, which Zwicker denies, such harm or damage was caused by Simington or by other persons for whose conduct Zwicker is not responsible.

5.      Zwicker denies that it has any liability for any alleged wrongful act of any co-defendant, on the basis that the relationship between Zwicker and such co-defendant is one of independent contractors.

---

[1] Any attorney's fees incurred by Plaintiff are not damages. The "American Rule" does not recognize attorney's fees as damages. *See Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d141 (1975).

6.      Zwicker denies any violation of the FDCPA.  However, in the unlikely event that any finder of fact should determine that a violation occurred, Zwicker asserts the "*bona fide* error" defense provided for in 15 U.S.C. § 1692k(c).

7.      Some of Simington's claims against Zwicker, including those brought under the FDCPA, are barred by the applicable statute of limitations.

8.      Zwicker has no liability under FCRA, on the basis that Zwicker does not furnish information to credit bureaus.

WHEREFORE, Zwicker respectfully requests that Simington take nothing in this suit and that this Court,

1.      Enter judgment in Zwicker's favor as to all of Simington's claims;

2.      Award Zwicker its attorney's fees and costs incurred in defending this action; and

3.      Award Zwicker such other and further relief as this Court may deem just and proper.

Date:   December 20, 2011

 s/ Sharon Voorhees
Sharon Voorhees, OBA No. 14150
Shelton Voorhees Law Group
7701 S. Western, Suite 201
Oklahoma City, OK 73139
Telephone: (405) 682-5800
Facsimile: (405) 601-0677
Email: sharon@lawofficeokc.com
ATTORNEYS FOR DEFENDANT,
ZWICKER & ASSOCIATES, P.C.

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2011, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Jon Epstein
Hall, Estill, Hardwick, Gable,
 Golden & Nelson, P.C.
Chase Tower
100 north Broadway, Suite 2900
Oklahoma City, OK 73102-8865
Telephone: (405) 553-2828
Facsimile: (405) 553-2855
Email: jepstein@hallestill.com
ATTORNEYS FOR DEFENDANT,
BURTON E. STACY, JR., AKA,
HOOD & STACY P.A.

and also served the attached document by United States Mail, postage prepaid thereon, on the following, who is not a registered participant for the ECF system:

Marline Simington
709 S.W. Lee Blvd.
Lawton, OK 73501
PLAINTIFF PRO SE

s/ Sharon Voorhees_____