IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| Marline Simington, | ) | |
|         Plaintiff, | ) | |
| v. | ) | Case No. **CIV-11-1391  M** |
| | ) | |
| Discover Bank, USA N. A., | ) | |
| Zwicker & Associates, P.C. | ) | Honorable |
| Burton E. Stacy Jr., aka, Hood & Stacy P.A. | ) | Vicki Miles-LaGrange |
|         Defendant, | ) | |

FILED FEB 1 6 2012 ROBERT D. DENNIS, CLERK U.S. DIST. COURT, WESTERN DIST. OF OKLA. BY _____ DEPUTY

### PLAINTIFF'S REPLY TO DEFENDANT BURTON E. STACY'S, JR'S RESPONSE TO PLAINTIFFS MOTION TO RECONSIDER

Plaintiff Marline Simington hereby submits her reply to Mr. Stacy response to Plaintiffs Motion To Reconsider. In which Mr. Stacy referenced that the arbitration proceeding was a "**court annexed** arbitration", and this court stated that Mr. Stacy, has not participated in a "mediation" proceeding. These court-connected programs apply where parties have not contractually agreed to submit their disputes to private, binding arbitration under the FAA. Mandatory court ordered "**court annexed**" arbitration or "**mediation programs**" require parties to participate in dispute resolution proceedings pursuant to government order, without the parties' contractual consent. This is unlike in FAA arbitration, which is traditionally justified by its predicate requirement of an agreement to arbitrate, "hence" per, The Discover Bank binding private contract arbitration agreement in which this JAMS proceeding took place.

Non-binding arbitration seeks to garner efficiency benefits similar to those in FAA arbitration. However, FAA arbitration is fundamentally different due to its contractual core and efficiency promoting finality. The FAA requires courts to order parties to comply with their agreements to arbitrate instead of litigate their claims to further freedom of contract, and save parties time and money resolving disputes outside of courts. FAA arbitration thus differs from non-binding court-connected mandatory arbitration because it is consensual and private. It is also final and subject to

1.

very limited judicial review. There are different types of arbitration, and court-connected varieties may be useful in some contexts. Nonconsensual and Nonbinding arbitration programs often seek to feed off of FAA arbitration's momentum, but they are fundamentally different from FAA arbitration.

In addition, at least ten federal district courts have adopted programs which allow them to order nonbinding arbitration. <u>These court-connected programs apply where parties have not contractually agreed to submit their disputes to private, binding arbitration under the FAA</u>.

A. FAA Arbitration's Contractual Core Various types of communities have used private arbitration systems like JAMS and AAA to resolve their disputes through efficient and peace-promoting processes. These arbitration systems have flourished both in ancient and modern communities because they are consensual, private and final, unless the arbitration agreement allows appeal of the award per., contract.

Thus, Mr. Stacy's Motion To Associate Council in the JAMS arbitration proceeding (Jams Doc Exhibit 29) was fraudulent, in which Mr. Stacy and Mr. Hood falsified the document, by stating in context that the reason needed for Mr. Hoods need to associate council was for a "<u>court annexed</u>" arbitration. Mr. Stacy, "whom is the attorney on record", did not appear at the final JAMS arbitration hearing, only Mr. Hood "whom was sworn in" and a "adolescent" Nicholas Hood appeared, along with a witness in which both myself and the witness "whom were also sworn in" were cross examined and gave testimony. Mr. Hood also admitted in that Motion To Associate Council, that he is not admitted to practice law in this jurisdiction, which in Plaintiffs opinion, may constitute the Unlicenced Practice of Law, since he was the sole representing attorney at the final JAMS hearing.

The Discover Bank arbitration agreement is subject to <u>binding private contract arbitration</u> out side of the district court in which the court case was stayed, and the district court takes no further jurisdiction until an award is either confirmed, vacated or appealed.

The Plaintiff contends that the Doctrine of equitable tolling should save this cause of action, due to the contentious misrepresentations and statements made by Mr. Stacy and Mr. Hood, whom misrepresented the facts in the JAMS arbitration proceeding, which caused the Plaintiff to withhold JAMS documents in support of her case, which prejudiced her due to lack of knowledge of the true nature of the arbitration proceeding, if being governed by the FAA or under the Rules of Okla. Title Statue §12 1805. Further more, if Mr. Hoods actions in the arbitration proceeding did constitute UPL, he should be held accountable for his actions, as well as Mr. Stacy's and Discover Bank, for the constitute of aiding in the Unauthorized Practice of Law.

## CONCLUSION

Wherefore, Plaintiff prays that this honorable Court Reconsiders the Dismissal dated January 12, 2012 (doc16), based on exhibits in her Supplemental response (doc17) in favor of the Plaintiff due to the misunderstanding and the misrepresenting of the statements made by Mr. Stacy and Mr. Hood in JAMS arbitration, and the most recent violations of the FDCPA, supported in Defendants pleading stating that he has not been involved in "Mediation/Arbitration", when in fact he has been, as shown in Plaintiffs supplemental exhibits. Plaintiffs error was made because of lack of knowledge and ignorance of the true nature of the arbitration proceeding, when Mr. Stacy and Mr. Hoods Motion to Associate Council in arbitration stated that the arbitration was "<u>court-annexed arbitration</u>", <u>instead of arbitration governed under FAA as stated in the Discover Bank agreement</u>. That statement confused Plaintiff and made her withhold exhibits in support of her case, in fear of breaching the Rules of Okla. Title Statue §12 1805(a,b,c) §12 1805, Confidentiality of proceedings Disclosure Civil liability Waiver of privilege.

Plaintiff also ask this honorable court in the hopes that her Motion to Reconsider is Granted, the opportunity to Amend her Complaint to reflect the dismissal of Discover Bank, and clarify her claims against the remaining Defendants.

Respectfully submitted, 2/15/2012  Marline Simington, pro se, plaintiff
CM #7011 0110 0000 5978 6093   709 SW Lee Blvd. ~ Lawton, OK 73501
3.   (580)248-8317

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th., day of February, 2012, I served the attached documents, PLAINTIFF'S REPLY TO DEFENDANT BURTON E. STACY'S, JR'S RESPONSE TO PLAINTIFFS MOTION TO RECONSIDER pages 1-4, by United States Mail, postage prepaid thereon, to the following council for Burton E. Stacy Jr.:

Mailed To: HALL, ESTILL, HARDWICK, GABLE & NELSON, P.C.
Re: Jon Epstein
100 North Broadway, Suite 2900
Oklahoma City, OK 73102-8865

Attorney's for Defendant,
Burton E. Stacy Jr.,
aka, Hood & Stacy P.A.

Marline Simington, pro se
Plaintiff
709 SW Lee Blvd.
Lawton, OK 73501
(580)248-8317

**Sent by:**
CM #7011 0110 0000 5978 6093