

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

OCT 1 0 2012

Marline Simington

     Pro se, Plaintiff,

V.

                                    Case No.: **CIV-11-1391-M**

Zwicker & Associates P.C.

     Defendant,

## AFFIDAVIT IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT AND BRIEF IN SUPPORT THEREOF

Marline Simington, being duly sworn, deposes and says:

**1.**    I am Plaintiff in the above named case, and as such, I am fully familiar with the facts of this case based upon my own first-hand personal knowledge.

**2.**    I submit this affirmation in support of the present PLAINTIFFS' MOTION TO CONTINUE DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56(f) AND TO ENLARGE PLAINTIFFS' TIME TO RESPOND THERETO seeking the following relief:

   **(A)** Compelling Zwicker to provided responses to Plaintiff's following discovery demand "Plaintiff's Second Request For Admission and Clarification of Defendants Responses To First Request For Admissions", by a date certain; and

   **(B)** Compelling Zwicker, to respond to Plaintiff's Subpoena request, which shall include all call recording's for the dates between " Sept. 1, 2009 through Feb. 23, 2010". Zwicker has previously stated in (Doc 44, ¶65 and ¶66 ) that all incoming and out going calls are recorded;

Plaintiff disputes the statement In ¶55,  Zwicker has only produced one recorded call that was alleged to have been recorded on December 21, 2010 to Zwicker's 1800 number, when Zwicker stated Plaintiff called Zwicker from the 8317 phone number. Zwicker's 1800 phone records lack authentication.

Plaintiff disputes ¶18, which Zwicker states the "Koziol Aff., ¶¶8, 9, and accompanying Exs. 2, 3, stated and show, as shown in the Zwicker records that Zwicker's transferred the account to Hood & Stacy on January 27, 2010, and on that date Zwicker assigned Hood & Stacy the responsibility for handling the account. If Zwicker stated truthfully that this conversion took place on December 21, 2010, then Plaintiff would have already known "who" Stacy was, because she was served Law Suit by Stacy, case No. CJ-2010-212, in the Comanche County Court on April 7, 2010, she would have already had all Stacy's contact information. Plaintiff answered the Lawsuit and Motioned the Court for JAMS Arbitration on May 4, 2010. (see doc 14, Exs. C, pgs. 1-7) This recording is falsified, because the dates of events that "Zwicker" proclaims transpired and contents of the recorded dialog do not coincide with one another, why would Plaintiff need to call Zwicker on December 21, 2010, if she had Stacy's contact information already because she had already been served with Stacy's lawsuit 9 months earlier. Plaintiff did contact Zwicker with Notice of Suit and Demand for Arbitration by Fax to 1-978-686-3538 on Nov. 18, 2011, and by certified mail #70110110000059836484, this was the only time Plaintiff recalls ever contacting Zwicker's office. (Exs. E)

The alleged recorded Dec. 21, 2010 call is just a diversion from the true facts that lay within the contents of the recorded conversion that did transpire on all the other calls which Zwicker withheld from Plaintiff during discovery. Plaintiff has asked during

2.

discovery, for Zwicker to provide Plaintiff with all recorded calls made to and from Plaintiff. The recorded call from Dec. 21, 2010, is falsified, lacks merit, and is alleged to have been made 11 months after the account was transferred to Stacy. It should not be allowed as part of the record because it lacks a proper foundation and is hearsay beyond the scope of direct knowledge and for which no known exception applies. Plaintiff's last contact with Zwicker was made after she was made aware of the 3 letter's from Zwicker in the Stacy/Discover Bank Arbitration proceeding, and that is when Plaintiff served Zwicker with Demand for Arbitration on October 17, 2011, which Zwicker failed to respond to. Plaintiff then served Notice of Suit on November 16, 2011, to Zwicker, correspondences was made by Fax to 1-798-686-3538 & by Certified mail. (Exs, E - Fax and Certified Mail Proof of services)

(C)   Compelling Global Communication, Level 3, to respond to Plaintiff's Subpoena request. Global Communications, Level 3, has stated "before the untimely Objection to the Subpoena Request" that "The tapes we have are from Oct. 2009 through May 2010. There are just a few from June 2009 through September 2009." "We have to work off of 242 tapes, and we have tapes for 9/28/2009 through May 2010. Additional dates are sporadic, 5/20-5/22/2009, 6/25/2009, 7/11/2009, 7/13/2009, 9/14/2009-9/17/2009. I will only be able to pull billed calls for these time periods. Estimate: ($80/hour for Tech Support for 2 hours) + ($50/hour for 2 hours to gather and load the tapes) + ($200/hour for 5 hours CPU processing time) = $1,260." (see Index of Exs. to Plaintiffs' Motion To Continue Defendants Motion For Summary Judgment, Exs. 1C, 1F, 1G). These phone records are critical to both parties, the Plaintiff and Zwicker both need these phone records to authenticate each other's phone records. Plaintiff and Zwicker case will be prejudiced with out full access to them.

3.

**(D)**  At&t has complied with Plaintiff's cell phone Subpoena request, and after Plaintiff has briefly view the contents of the phone records, she is now able to release Zwicker from the direct liability on the following listed "Blocked Calls" made to Plaintiff's cell phone;

>    a.) August 3, 2009, time of 8:24 p.m., (Exhibit 19)
>    b.) December 11, 2009, time of 9:19 (Exhibit 22)
>    c.) December 25, 2009, time of 12:48 p.m. (Exhibit 23)
>    d.) February 9, 2010, time of 4:09 p.m. (Exhibit 24)
>    e.) February 18, 2010, time of 3:29 p.m. (Exhibit 25)
>    f.) April 11, 2010, time of 2:34 p.m. (Exhibit 26 & 27)
>    g.) April 11, 2010, time of 3:56 p.m. (Exhibit 26 & 27)

Plaintiff remains in dispute with Zwicker on all other remaining previously disclosed "Blocked Calls" calls made to her cell phone, 1983, or any other phone owned by Plaintiff, including her office phone 8317 and home phone 7119;  after ceased and desist; and

**(E)**  such other relief that is appropriate

**3.**      I also submit this affirmation in Opposition to Defendant, Zwicker's Motion for Summary Judgment,

## OPPOSITION TO DEFENDANT'S UNDERLYING
## MOTION FOR SUMMARY JUDGMENT

**4.**      Despite Zwicker's Discovery Responses and Subpoena being outstanding or lacking. Zwicker has moved this Court for summary Judgement.

**5.**      As discussed below, this Court should deny Zwicker's motion not only because their Discovery Response and Subpoena are outstanding, but also because numerous issues of fact still exist making this case woefully inappropriate for Summary Judgement disposition.

**4.**

**6.**   To start, Plaintiff disputes Zwicker's assertion at ¶11, "At all relevant times, Plaintiff knew Zwicker was collecting a debt on behalf of Zwicker's client, Discover Bank. Plaintiff disputes this statement, because Zwicker never officially sent Plaintiff a dunning letter per. Section 809(a) of the FDCPA, 15 U.S.C. §1692g(a), which provides: that must be done within 5 day's after the first day of contact. Plaintiff never had an address, phone number or any other related material or information of who was attempting to collect the alleged debt, proclaimed to be owned to Discover Bank, until after Plaintiff was given 3 of "Zwicker's" unsigned letters, which listed Zwicker's name and other contact information. The letters were disclosed in the JAMS Arbitration proceeding with, council, Burton E. Stacy, Jr., during Discovery. It was only at this time that Plaintiff was able to clarify whom she had been talking to on the phone during all those past conversions. The name "Zwicker" is not easily said or easily remembered name, without documentation. Plaintiff even thanked Stacy for giving her the 3 letter's from Zwicker, because she now had an entity, a name, address & phone number to proclaim the blocked call violation's made to her cell phone, home phone and office phone, because some of the dates of the letter's coincided with some of the date's of the blocked calls to Plaintiff's cell phone and other phones. (see attached Exs. A and Exs. B, JAMS Demand, and Exs. C-3 letters from Zwicker, and Exs. D, Notice Of Intent To Sue Zwicker, dated Nov. 16, 2011) The letters are dated 9/2/2009, 10/8/2009 & 11/24/2009, and Plaintiff never received them, or seen them before the date of October 14, 2011, and if she did, she would not have taken them seriously because they are unsigned and say "No attorney has conducted any meaningful review of the circumstances of your specific account", and to contact one of our non-attorney account managers.

Plaintiff was not able to allege blame on Zwicker for the "Blocked Calls", TCPA violations

per. FDCPA, until she received the 3 letter's from Stacy on October 14, 2011, she had no

written means of contact information from Zwicker until that date. Once Plaintiff received

the 3 letter's she sent Zwicker Demand for Arbitration to enjoin Zwicker in the Discover

Bank Arbitration proceeding, she also sent Notice of Intent To Sue to Zwicker at the same

time. Zwicker failed to respond to Plaintiff's request to resolve the claims Plaintiff alleged

against him. The day of Plaintiff's first Notice of Claim in the Arbitration proceeding noticing

Zwicker with violations of FDCPA, TCPA, Mental Anguish, Pain and Suffering & Stress, the

letter of Intent to Sue Zwicker dated, on or around "October 17, 2011", would be the date that

The Discovery Rule per. FDCPA would apply. Plaintiff Federal Complaint against Zwicker's

is dated November 23, 2011.

In *Magnum v. Action Collection Service*, 575 F.3d 935 (9th Cir. 2009), the court found

that because the FDCPA is qualified by the discovery rule, the FDCPA's one year statute of

limitations does not begin to run until the aggrieved party learns or should have learned of the

FDCPA violation.  As such, the Ninth Circuit held a lawsuit commenced within one year of

the date on which the aggrieved party learns of the violation is timely even though it is more

than one year from the date of the violation.

7.     Plaintiff disputes, Zwicker's ¶¶14,15,16 & 17. Plaintiff never sent Zwicker a cease and

desist letter in which Zwicker received. How could Plaintiff send a response per. FDCPA, if

she never received any letter's from Zwicker. The first initial communication was by a

"Blocked" call to one of Plaintiff's phones. Zwicker states in ¶¶46 & 47 that Plaintiff has not

offered any evidence that she notified Zwicker in writing within the 30-day period under

**6.**

1692g(b) that she disputed the debt. Plaintiff has shown the Court a letter from CDC (doc 43, Exhibit F) that is signed by Plaintiff, dated 6/3/2009 and also as confirmed by Patrick, a DFS representative, (doc 14, Exs. 33) that a cease and desist was and is still currently in the records. Also plaintiff has stated in an affidavit, (doc 14, Exh.18-27), that at each call received by Zwicker, Plaintiff would state her dispute verbally and give Zwicker's CDC's phone number and ask Zwicker to contact CDC, and to cease and desist all calls to her and to send everything in writing to her or CDC. FDCPA Section 805 (c) (1) A debt collector may not communicate with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be _inconvenient_ to the consumer. Zwicker admits in ¶48 his failure to send Plaintiff validation of debt.

**8.**    Plaintiff also disputes ¶¶18, 19. Plaintiff assumes Zwicker is basically saying that "Do Not Contact" was not placed on the account Zwicker was collecting on behalf of Zwickers client "Discover Bank" until February 23, 2010. And it was not placed on there until Zwicker transferred the account to Stacy. Plaintiff disputes this. It is impossible, because Patrick, a DFS representative stated in (doc 14, Exs. 33), the "Do Not Contact" letter which was on file on behalf of Plaintiff from CDC was in the records, and that is why Plaintiff never receive any of the letters from Zwicker. The Zwicker letters are dated 9/2/2009, 10/8/2009 and 11/24/2009. (see Exhibit C) and (doc 14, Exs. 33 - Patrick recording) and Plaintiff's "Do Not Contact" letter is dated 6/3/ 2009, (doc 43, Exhibit F).

**a.**  Plaintiff disputes ¶3, Affiant Koziol, states in Supplemental Affidavit (attached Exs. 3B) that "Exs. 1" hereto attached, is a redacted version of the top portion of the electronic account record which "Zwicker" maintains as a business record for Discover Bank". and;

**b.** Plaintiff disputes ¶¶2, 9, Affiant Koziol, states Zwicker does not have any information on the consumer until they get "the record" "from their client" "Discover Bank" and that "attached Exh.1 or Exh. 2 in support of ZA " contained an entry which states, "Received ......: 9/01/09." and that entry means Zwicker "received" Simington's account "from Discover Bank on or about September 1, 2009". "When Zwicker receives an account from it's client, Zwicker receives contact information for the consumer as part of the record which Zwicker receives from its client", "To put it another way, "until Zwicker receives a particular account from Zwicker's client, Zwicker does not have an account number or any other information, i.e, until Zwicker receives the account", "Zwicker does not know of the existence of the particular account or identity of the consumer to whom the account belongs".

**c.** If what the Affiant states is proclaimed true, then it would mean that; "Zwicker" "did not have""any information" on Simington "until" "Zwicker received" "the record from Zwicker's client "Discover Bank". That record "attached Exh.1 or Exh. 2 in support of ZA " that Koziol said Zwicker received on 9/1/2009, Clearly says "Do Not Contact". Patrick the DFS representative, stated the reason Simington "did not" receive any letter's from Zwicker is because of the cease and desist that was on "that" file in Simington's records. Zwicker's first letter is dated 9/2/2009, the CDC cease and desist letter on file that "Patrick" the DFS representative spoke of is dated 6/3/2009. (doc 14, Exs. 33- Patrick recording) (Exs. C- Zwicker's Letter's )

**9.** Plaintiff agrees with ¶¶¶ 23, 24, 25,26,27

**10.** Plaintiff disputes all statements in ¶2 through ¶10, ¶12, ¶13, and ¶28 through ¶45 and ¶51,¶54 and ¶55 through ¶70 made from "Zwicker's named Affiants, Michael Koziol and

**8.**

Brenda Lee Matte" with any reference made to The First, The Supplemental or the Affidavit of Michael Koziol, Brenda Lee Matte or Gary T. Shore" In Support of Zwicker & Associates. P.C.'s Motion For Summary Judgement. Their affidavit's are Hearsay and should not be admitted, they lack proper authentication, and are self serving, because the notary is listed as "Robert W. Thuotte" and "Robert W. Thuotte" is serving as Zwicker's Attorney. This proclaims the notary service as "self servicing" which is a direct conflict of interest in this case.

Governor Mitt Romney of the Commonwealth of Massachusetts recently REVISED THE EXECUTIVE ORDER NO. 455 (04-04) "STANDARDS OF CONDUCT FOR NOTARIES PUBLIC", Section 6: Prohibited Acts;

   (a) A notary public shall not perform a notarial act if:

   (5) the notary public is a party to or is named in the document that is to be notarized, except that a notary public may notarize a document if the notary public is named in the document for the sole purpose of receiving notices relating to the document and except that a notary public who is licensed as an attorney in the Commonwealth of Massachusetts and is named as an executor, trustee or in any fiduciary capacity in a document or employees of such attorney may perform notarial acts concerning such document;

   (6) the notary public will receive as a direct result of the notarial act any commission, fee, advantage, right, title, interest, cash, property, or other consideration exceeding in value the fees set forth in section 41 of chapter 262 of the General Laws or has any financial interest in the subject matter of the document.  For example, this section shall not preclude a notary public who is licensed as an attorney in the Commonwealth of Massachusetts or any employee of such attorney from notarial acts concerning any document where the attorney

9.

receives a legal fee for professional legal services rendered in connection with such document.

**(d)** A notary public shall not execute a certificate containing information known or believed by the notary public to be false.

**11.**  Plaintiff agrees with Zwicker's statement in ¶48

**12.**  Plaintiff agrees with Zwicker's statement in ¶49

**13.**  Plaintiff agrees with Zwicker's statement in ¶50

**14.**  Plaintiff agrees with Zwicker's statement in ¶52

**15.**  Plaintiff agrees with Zwicker's statement in ¶53

**16.**   Lastly, had Zwicker properly provided updated Discovery and Responses to Admittances, there would be documentary proof of Plaintiff's conversions made in direct response to Zwickers calls to her cell, home & office phones; and

**17.**   Interestingly enough, The Affidavit of Shore "Exs. 1, pgs. 1-3" and The Affidavit of Koziol "Exs.1 & 3" made in Support of Zwicker Motion for Summary Judgement which states they are based on a data base called "Recovery Management System" or "RMS." These "records or reports" which included pages of dialer calls, redacted credit report and electronic record made by Zwicker on Plaintiff's account have never been Disclosed to the Plaintiff before the date of Oct. 1, 2012. Defendants, updated Disclosures are outstanding and have not been disclosed as required by mandatory disclosure [Fed R. Civ. P. 26(a.)]. These records should be stricken from the records.

Plaintiff has attempted to confer with Zwicker's council Robert W. Thuotte (Thuotte) on October 3, 2010, to see when Zwicker would complete the outstanding discovery. Plaintiff also asked Thuotte to respond in good faith to Plaintiff's Application of Motion To Continue

by October 5, 2012, by 5 p.m., central time. Plaintiff even called Thuotte, and left a phone message asking him to return her call. Thuotte has never returned her call. Plaintiff even thereafter notified Thuotte of her Updated Third Disclosures made in reference to the At&t Subpoena that she received on October 5th, 2012.

Thuotte then "but only after hearing of Plaintiff's At&t Subpoena being sent "finally responded shortly there after stating if Plaintiff failed to supply the contents of the materials of the subpoena he would seek sanctions. I fail to understand Thuotte's logic, because Plaintiff had just disclosed the contents of the At&t subpoena by email, "the message that he responded to, had the disclosures included in them in the form of an attachment". (Exs. E).

In the past Plaintiff used an external email service to send a large email attachment to send Plaintiff's Witness & Exhibit list to Thuotte, he became upset and forbid Plaintiff to ever use the email service again, Thuotte stated it would compromise Zwicker's security. Plaintiff has no other option but US mail to send a CD if Thuotte & Zwicker forbids her to use an external email service. Plaintiff has always disclosed timely.

Zwicker should receive sanctions. Zwicker has failed to disclose "Affidavit of Shore, Exs. 1, pgs. 1-3" and Koziol "Exs. 1 & 3" made purely for Support of Zwicker's Motion for Summary Judgement. Plaintiff has timely made 3 separate and undated disclosures to date, whereas Zwicker has failed to respond to Plaintiff's discovery demands or update their disclosures as required.

Zwicker has failed to respond "Plaintiff's Second Request for Admission & Clarification of Defendants Responses To First Request For Admissions", (Exs. 1H, PMTCDMSJ)

Zwicker failed to respond to Subpoena request (attached Exs. 1D, & PMTCDMSJ) which should include all call recording's for the dates between "Sept. 1, 2009 thru. Feb. 23, 2010". Zwicker previously stated (Doc 44, ¶¶65, 66) that all incoming & out going calls are recorded.

## II. LEGAL STANDARD

**Rule 56(e):**
(e) Supporting and opposing affidavits shall be made on personal knowledge, shall set forth *such facts as would be admissible in evidence, and shall show affirmatively that the affiant is* competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Furthermore:
"The converse of this requirement is that affidavits or other material offered which set forth facts which would not be admissible in evidence should not be considered when passing on the motion for summary judgment.".   "Where both competent and incompetent evidence is before the trial court, we assume that the trial court, when functioning as the finder of facts, rely solely upon the competent evidence and disregarded the incompetent evidence.

---

Wein II, LLC v. Porter, 198 N.C.App. 472, 476-77, 683 S.E.2d 707, 711 (2009) (quoting Strickland v. Doe, 156 N.C.App. 292, 295, 577 S.E.2d 124, 128 (2003), disc. review denied, 357 N.C. 169, 581 S.E.2d 447 (2003), and In Re Foreclosure of Brown, 156 N.C.App. 477, 487, 577 S.E.2d 398, 405 (2003)). Thus, "[h]earsay matters □ should not be considered by a trial court in entertaining a party's *motion for summary judgment.*" Moore v. Coachmen Industries, Inc., 129 N.C.App. 389, 394, 499 S.E.2d 772, 776 (1998) (citing Savings & Loan Assoc. v. Trust Co., 282 N.C. 44, 52, 191 S.E.2d 683, 688-89 (1972))

It should appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

**Rule 56(f):** Summary judgment cannot be granted where the party opposing the motion can show that he needs discovery in order to establish his defenses or to pierce the plaintiff's allegations. Rule 56 requires discovery 'where the nonmoving party has not had the opportunity to discover information that is essential to its opposition.' Metabolife Int'l v. Wornick, 264 F.3d 832, 846 (9th Cir. 2001), quoting Anderson v. Liberty Lobby, 477 U.S. 242, 250 n.5 (1986); Vance by and through Hammons v. United States, 90 F.3d 1145, 1148-1149 (6th Cir. 1996)."

## ARGUMENT

Defendant Zwicker's motion for summary judgment should be denied as premature pursuant to Rule 56(d) of the Federal Rules of Civil Procedure and controlling case law. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552 (1986), U.S. ex rel. Owens v. First Kuwaiti Gen. Trading & Contracting Co., 612 F.3d 724, 728 (4th Cir. 2010). Once a motion for summary judgment is filed, the nonmoving party may defeat it by showing that a genuine and material factual dispute exists by offering "depositions, answers to interrogatories, and admissions on file, [and] designate specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324, 106 S. Ct. at 2553 (internal citations omitted). Summary judgment is inappropriate where discovery is not complete, Gay v. Wall, 761 F.2d 175, 177 (4th

Cir. 1985), and where "the nonmoving party has not had the opportunity to discover information that is essential to his opposition." Evans v. Technologies Applications & Service Co., 80 F.3d 954, 961 (4th Cir. 1996). A party opposing summary judgment must have "a fair opportunity to discover essential information" necessary to defend against a motion for summary judgment. Evans, 80 F.3d at 961, see also Gay, 761 F.2d at 178 (district court abused its discretion by converting a 12(b)(6) motion into a motion for summary judgment where defendants only partially responded to interrogatories and claimed that much requested discovery was privileged). This result is mandated by the "plain language" of the rule that requires "adequate time for discovery" to the party with the burden at trial. Celotex, 477 U.S. at 322, 106 S.Ct. at 2552.

## Federal Rule of Evidence 803(6)

The pertinent hearsay exception for business records, contains multiple foundational hurdles which must be cleared before the summaries may be admitted. See United States v. Cestnik, 36 F.3d 904, 909-10 (10th Cir. 1994). Rule 803(6) requires that the custodian or other qualified witness testify that (1) the records were made contemporaneously with the events and "kept in the course of a regularly conducted business activity," and (2) "it was the regular practice of that business activity to make the [record]." 1 Fed. R. Evid. 803(6); cf. United States v. Reilly, 33 F.3d 1396, 1414 (3d Cir. 1994).

## Plaintiff's Fully Objects to:

**1.** Defendant's, Affidavit of **Gary T. Shore** In Support of Zwicker & Associates. P.C Motion For Summary Judgement, (Exs. 1, pgs. 1-3), the exhibits attached to Shore's Affidavit have not been properly disclosed during discovery.

**14.**

**2.**    Defendant's, Affidavit of **Michael Koziol** In Support of Zwicker & Associates. P.C.
Motion For Summary Judgement, (Exs.1 & Exs. 3), the exhibits attached to Koziol's
Affidavit have not been properly disclosed during discovery.

The Affidavit of Shore "Exs. 1, pgs. 1-3" and The Affidavit of Koziol "Exs.1 & 3" made
in Support of Zwicker Motion for Summary Judgement which states they are based on a data
base called "Recovery Management System" or "RMS." These "records or reports" which
included pages of dialer calls, redacted credit report and electronic record made by Zwicker
on Plaintiff's account have never been Disclosed to the Plaintiff before the date of Oct. 1,
2012. Defendants, updated Disclosures are outstanding and have not been disclosed as
required by mandatory disclosure [Fed R. Civ. P. 26(a.)]. The witness/Affiants should be
made available to testify, the records should be stricken from the records without live
testimony.

**Discovery:**

**1.)**    Defendant's Initial Disclousure Statement Pursuant to FED. R. CIV. P. 26(a)(1)
(Exs. Z1)

**2.)**    Defendants Zwickers & Associates, P.C.'s Response To Plaintiffs Request For
Admissions. (Exs. Z2)

**3.)**    Defendants Zwickers & Associates, P.C.'s Supplemental Response To Plaintiffs
First Set Of Interrogatories (Exs. Z3)

**4.)**    Plaintiff's Second Request For Admission and Clarification of Defendants Responses
To First Request For Admissions (Exs. 1H)

**WHEREFOR,** Plaintiff, Marline Simington, request that this Court issue an Order, striking any previously undisclosed evidence from Zwicker's pleadings, and enter an Order Compelling Zwicker to provide responses to Plaintiff's Discovery Demands, and an Order Compelling Global Communication, Level 3 and Zwicker's to produce and respond to Plaintiff's Subpoena request made upon them.

In addition, Plaintiff request that this Court deny Zwicker's Motion for Summary Judgement in its entirety and Order such other relief that be appropriate.

Marline Simington
709 SW Lee Blvd.
Lawton, OK 73501
580-248-8317

## AFFIDAVIT

THIS INSTRUMENT HEREBY ACKNOWLEDGES that the undersigned, Marline Simington ("affiant"), residing at 1111 SW D Ave Lawton Oklahoma is of legal age, and does hereby swear and affirm that the foregoing is true and accurate, to the best of their knowledge, under penalty of perjury:

STATE OF Oklahoma COUNTY OF Comanche In Lawton, on the 9th day of October, 2012, before me, a Notary Public in and for the above state and county, personally appeared Marline Simington, known to me or proved to be the person named in and who executed the foregoing instrument, and being first duly sworn, such person acknowledged that he or she executed said instrument for the purposes therein contained as his or her free and voluntary act and deed.

Type of ID Produced: OK Drivers License

Affiant ___ is, ✓ is not, personally known to me.

Sworn to me this 9th day of
October, 2012

SARA MORAN
NOTARY
# 10009400
EXP. 11/09/14
STATE PUBLIC (SEAL)
OF OKLAHOMA

NOTARY PUBLIC
My Commission Expires: 11-9-2014

**16.**

## CERTIFICATE OF SERVICE

**I hereby certify that on** October 9, 2012 **I served a copy of**

**PLAINTIFF'S AFFIDAVIT IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT AND BRIEF IN SUPPORT THEREOF**

**TO:** Robert W. Thuotte, Esq.
Zwicker & Associates P
Attorneys at Law
80 Minuteman Road
Andover, MA 01810

(Opposing Partys or Attorney's)
**At the last known address**   :

Robert Thuotte Email address
rthuotte@zwickerpc.com

**October 9, 2012**

and by
US Postal Mail

Marline Simington
709 SW Lee Blvd.
Lawton, OK  73501
580-248-8317

Marlinesim2010@ yahoo.com