# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

MARLINE SIMINGTON,

        **Plaintiff**

v.                                  Case No.: 5:11-cv-01391-M

ZWICKER & ASSOCIATES, P.C.,

        **Defendant**

## DEFENDANT ZWICKER & ASSOCIATES, P.C.'S RESPONSE TO PLAINTIFF'S REQUEST FOR ADMISSIONS

Pursuant to Federal Rule of Civil Procedure 36, defendant Zwicker & Associates, P.C., (hereinafter, "Zwicker") responds as follows to the Request for Admissions ("admissions requests") served by plaintiff Marline Simington (hereinafter, "Simington").

In responding to Simington's admission requests, Zwicker does not waive and expressly reserves its objection to the requests on the basis that Simington has failed to serve her Initial Disclosures, in violation of Fed. R. Civ. P. 26. Zwicker voluntarily provided Simington with Zwicker's Initial Disclosures, along with three affidavits and exhibits thereto, in-hand at the courthouse before the start of the June 29, 2012 scheduling conference.

Simington is in default of her obligation to timely serve her Initial Disclosures as specified in Fed. R. Civ. P. 26(a)(1)(C). ("A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial

1

EXHIBIT Z2

disclosures are not appropriate in this action and states the objection in the proposed discovery plan." Fed. R. Civ. P. 26(a)(1)(C). The Rule 26(f) proposed joint discovery plan was filed with the Court on June 19, 2012. *See* Docket #35.

Simington did not object to the service of Initial Disclosures either in the joint discovery plan or at the conference. The Court's June 29, 2012 Scheduling Order does not specify a deadline for the service of Initial Disclosures. Thus, in accordance with Fed. R. Civ. P. 26(a)(1)(C), Simington was required to have served Zwicker with her initial disclosures no later than July 3, 2012.

### General Objections

Zwicker further objects to each request to admit to the extent that it seeks information which is not relevant to the narrow allegations raised in this case, which are identified in the numbered entries immediately below:

(1) Whether Zwicker placed "blocked" calls to the telephone number which Simington claims is her cellphone number, xxx-xxxx-1983: At court on June 29, 2012, i.e., before Simington served her discovery requests, Zwicker voluntarily provided Simington with the Affidavit of Brenda-Lee Matte, Zwicker's Director of Telecommunications ("Matte Affidavit"), with exhibits consisting of portions of Zwicker's monthly telephone billing records establishing that Zwicker never called telephone number xxx-xxxx-1983. Also on June 29, 2012, Zwicker voluntarily provided Simington with the Affidavit of Liana Colbert, Zwicker's Vice President of Human Resources, stating that Zwicker was not open for business on December 25, Christmas

Day, 2009, one of the dates on which Simington alleges that Zwicker made a blocked call to her cellphone number, and that Zwicker is closed each year on Christmas.

(2) Whether Zwicker had a "permissible purpose" to obtain a copy of Simington's credit report. Also on June 29, 2012, Zwicker voluntarily provided Simington with the Affidavit of Michael Koziol, Zwicker's Vice President of Collection Operations, accompanied by an exhibit in the form of the pertinent portion of the summary credit report regarding Simington which Zwicker obtained from Experian, a credit reporting agency, when Zwicker received Simington's account from Zwicker's client, the original creditor. It is well established that the attempted collection of a debt is a "permissible purpose" as set forth in the Fair Credit Reporting Act. *See* 15 U.S.C. § 1681b(a)(3)(A).

(3) Whether Zwicker continued to contact Simington after receipt of a written cease and desist request: Zwicker's business records show that Zwicker did not receive a notice of dispute or a cease and desist request from Simington.

(4) Whether Zwicker provided Simington with the appropriate disclosures each time Zwicker's personnel spoke with Simington: Zwicker has call recordings showing that Zwicker provided Simington with the appropriate disclosures on each occasion when Zwicker's personnel spoke with Simington.

Zwicker further objects to each individual request to the extent that it seeks documents and information protected by the attorney-client privilege or the work product rule, or is protected from disclosure on the basis of containing confidential or proprietary business, commercial, research or development information, trade secrets or other

3

information which Zwicker is entitled to protect from disclosure pursuant to applicable law.

Zwicker further objects to each request to the extent that it seeks information which is not reasonably accessible or which would involve undue burden and/or cost involved in order to obtain or retrieve it, to the extent that such burden or expense would outweigh its likely benefit, considering the needs of the case, the amount in controversy and the lack of any relationship between the information sought by such request and the narrow issues presented in this case.

Zwicker further objects to each request to the extent that it is duplicative of or overlapping with another request.

Zwicker further objects to each request to the extent that it seeks information regarding any consumer other than the plaintiff.

Zwicker further objects to each request and to the instructions and definitions set forth as part of the requests to the extent that any such request, instruction or definition purports to impose upon Zwicker any obligations inconsistent with or in addition to those set forth in the applicable procedural rules.

## Responses to Individual Requests

Each response below incorporates as if expressly restated therein the full content of the General Objections set forth above, i.e., each response shall be deemed to be made subject to and without waiving each of the General Objections.

1. Zwicker & Associates ("Zwicker") makes telephone collection calls on behalf of other companies in exchange for a fee.

**RESPONSE:** Denied.

2. Zwicker tries to maintain a "transparent" interface between its client and the person being called so that the consumer gets the impression that (s)he is dealing with the client directly.

**RESPONSE:** Denied.

3. Zwicker employees do not volunteer the information that they work for Zwicker. Rather, they present themselves as representing Zwicker's clients, and only when asked mention the name Zwicker.

**RESPONSE:** Denied.

4. On more than one occasion Zwicker placed telephone calls to 580-695-1983 for the purpose of collecting a debt alleged owned to Discover Bank.

**RESPONSE:** Denied.

5. On more than one occasion Zwicker placed telephone calls to a business line at 580-248-8317 for the purpose of collecting a debt alleged owned to Discover Bank.

**RESPONSE:** Admitted.

6. On more than once occasion Zwicker placed telephone calls to a residential line at 580-248-7119 for the purpose of collecting a debt alleged owned to Discover Bank.

**RESPONSE:** Admitted.

7. Plaintiff was put on Zwicker's clients Do Not Call ("DNC") cease & desist List.

**RESPONSE:** Zwicker cannot admit or deny because the statement is with regard to the alleged conduct of another party and because the party is unidentified.

8. Plaintiff was not put on Zwicker's Do Not Call ("DNC") cease & desist List.

5

**RESPONSE:** Denied.

9. Plaintiff requested to be put on Discover Bank's Do Not Call ("DNC") cease & desist List in writing.

**RESPONSE:** Zwicker cannot admit or deny because the alleged conduct is that of Simington.

9. Plaintiff notified Zwicker's of the DNC cease & desist filed with Discover Bank on or around June 3, 2009.[1]

**RESPONSE:** Denied.

10. Plaintiff requested in writing and was put on DNC cease & desist List for Zwicker's client Discover Bank and DFS on June 3, 2009.

**RESPONSE:** Denied insofar as the alleged recipient of the alleged request is intended to be Zwicker. Insofar as the alleged recipient is deemed to be Discover Bank or DFS, Zwicker cannot admit or deny because Zwicker does not know whether Simington made any such request to Discover Bank or DFS.

11. Plaintiff verified the DNC cease & desist still currently on file with Discover Bank and DFS in November 2011.

**RESPONSE:** Denied insofar as Simington intends to state that she verified the referenced information with Zwicker. Insofar as Simington intends to state that she verified the referenced information with Discover Bank or DFS, Zwicker cannot admit or

---

[1] Zwicker notes that Simington's Requests for Admissions contains two requests numbered as "9".

6

deny because Zwicker does not know whether Simington verified the referenced information.

12.     Plaintiff was never put on the Zwicker's DNC cease & desist List.

**RESPONSE:** Denied.

13.     Plaintiff was not put on Zwicker's DNC cease & desist List on the day of Plaintiff's first request, nor on the day of Plaintiff's second request or any day after.

**RESPONSE:** Denied.

14.     Plaintiff was never placed on Zwicker's DNC cease & desist List, even after several request by Plaintiff.

**RESPONSE:** Denied.

15.     Zwicker's has placed Blocked calls or Robo Calls to 580-248-8317 on all occasions during the dates of July 2009 thru April 2010.

**OBJECTION:** Simington's Complaint pleads that Zwicker made "blocked" calls to Simington's cell phone number. Simington has admitted that the "8317" number referenced above and the "7119" number referenced in Request No. 16 are landline telephone numbers. The Complaint does not allege that Zwicker made "blocked" calls or "Robo Calls" to Simington's landline numbers. On June 29, Zwicker voluntarily gave Simington an affidavit with portions of Zwicker's telephone billing records showing that Zwicker never called Simington at the number which Simington claims is her cellphone number. Shortly after the conference, Simington served her admission requests. Zwicker's position is that Simington's allegation that Zwicker improperly called her cellphone now having been shown to be false, this request for admission and Request No.

7

16 amount to an improper attempt to amend the Complaint, and that the allegations presented in Request Nos. 15 and 16 are not properly before the Court in this case. This Court previously denied a motion to amend which Simington filed.

**RESPONSE:** Denied.

16. Zwicker's has placed Blocked calls or Robo Calls to 580-248-7119 on all occasions during the dates of July 2009 thru April 2010.

**OBJECTION:** Zwicker repeats its objection set forth above to Request No. 15.

**RESPONSE:** Denied.

17. Zwicker's has placed Blocked calls or Robo Calls to 580-695-1983 on all occasions during the dates of July 2009 thru April 2010.

**RESPONSE:** Denied.

18. Zwicker's employee's were acting as an agent of the Defendant during the telephone correspondence with the Plaintiff.

**RESPONSE:** Zwicker admits that to the extent its personnel made telephone calls to Simington, they were acting as agents of Zwicker. Zwicker denied that it engaged in "telephone correspondence" with Simington.

19. Zwicker's is listed as Discover Banks Attorney of record.

**RESPONSE:** Zwicker cannot admit or deny because the statement is not understandable in that it is vague and reasonably susceptible to multiple interpretations.

20. Defendants employees, corresponded with the Plaintiff using the Defendant's electronic phone system and telephones during normal business hours.

8

**RESPONSE:** Zwicker admits that to the extent that its personnel called Simington, they did so using Zwicker's telephone equipment.

ZWICKER & ASSOCIATES, P.C.

Mireille Vartanian, Esq.
Zwicker & Associates, P.C.
80 Minuteman Road
Andover, MA 01810
Tel. 866-367-9942, ext. 3103
Fax 978-686-6831
mvartanian@zwickerpc.com

Dated: July 30, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2012, pursuant to the written agreement of the parties, I have caused the attached document to be served via e-mail and by first class mail, postage prepaid on the pro se plaintiff below.

Marline Simington
709 SW Lee Boulevard
Lawton, Oklahoma 73501
marlinesim2010@yahoo.com

Robert W. Thuotte