## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARLINE SIMINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-11-1391-M |
| | ) | |
| ZWICKER & ASSOCIATES, P.C., | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

This case is scheduled for trial on the Court's December 2012 trial docket.

Before the Court is defendant's Motion for Summary Judgment, filed October 1, 2012.  On October 29, 2012, plaintiff filed her response, and on November 5, 2012, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.      Introduction[1]

Defendant is a debt collection law firm organized under the laws of Massachusetts.[2]  On September 1, 2009, Discover Bank USA, N.A. ("Discover") placed plaintiff's credit card account with defendant for collection.  Defendant did not attempt to contact plaintiff before receiving plaintiff's account from Discover on September 1, 2009.

On September 2, 2009, defendant requested a summary credit report for plaintiff from

---

[1]The facts in this introduction are set forth in the light most favorable to plaintiff. However, the Court finds that while plaintiff filed a separate 51-page affidavit in support of her response to Defendant's Motion for Summary Judgment, plaintiff failed to refer to her affidavit with particularity as required under Federal Rule of Civil Procedure 56(c)(1) and Local Civil Rule 56.1(c).

[2]The parties have stipulated that: (1) defendant is a "debt collector" under the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, and (2) defendant is not a "consumer reporting agency" under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*

Experian, a consumer reporting agency.  Defendant did not report any information regarding plaintiff's account to consumer reporting agencies.

Plaintiff does not allege that she notified defendant in writing within a 30 day period that she disputed her debt.  However, defendant admits that it did not send plaintiff a validation of her debt. Plaintiff also asserts that when defendant called, she asked defendant to cease and desist all calls and to send everything in writing.

On January 27, 2010, defendant assigned plaintiff's account to Hood & Stacy P.A. ("Hood & Stacy"), and on February 23, 2010, Hood & Stacy acknowledged the assignment.  According to plaintiff, her account had a "Do Not Contact" letter attached to her file prior to defendant assigning plaintiff's account to Hood & Stacy.  Defendant placed instructions to cease all attempts to contact plaintiff and cease all other activities on plaintiff's account when Hood and Stacy acknowledged the assignment on February 23, 2010.

At the time defendant made calls to plaintiff, plaintiff had three numbers connected to her: (1) 580-248-7119, a land line; (2) 580-148-8317, a business line; and 580-695-1983, plaintiff's cellular phone.  Defendant used a predictive autodialer to call plaintiff.  The electronic account record for the autodialer calls defendant made on plaintiff's account reveal that defendant made calls to plaintiff's business line or land line, but not to plaintiff's cellular phone.  Defendant's telecommunications bill also shows that defendant did not call plaintiff's cellular phone.

According to defendant's phone records, the only communication between plaintiff and defendant after November 23, 2010 occurred when plaintiff called defendant's toll-free number from her business line on December 21, 2010.  Defendant's telephone system is configured so that a person calling defendant cannot circumvent the electronic greeting.  The electronic greeting informs

2

the caller, *inter alia*, that defendant is a law firm whose primary business is debt collection and that the call may be recorded.

On November 23, 2011, plaintiff filed her Complaint against defendant, Discover, and Burton E. Stacy a/k/a Hood & Stacy.[3]  Defendant now moves for summary judgment.

II.    Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party."  *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts.  Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

---

[3]On December 7, 2011, plaintiff filed a voluntary dismissal in regards to Discover.  On January 12, 2012, the Court granted Burten E. Stacy a/k/a Hood & Stacy's Motion to Dismiss.

III.    Discussion

    A.    FCRA

Plaintiff asserts that defendant obtained plaintiff's credit report with an impermissible purpose, failed to report a disputed debt, and failed to validate a disputed debt.  Defendant contends that it had a permissible purpose for obtaining plaintiff's credit report and had no obligation to report plaintiff's information to consumer reporting agencies or to validate plaintiff's debt.

    1.    Permissible Purpose

Pursuant to the FCRA, a permissible purpose of a consumer report includes when a consumer reporting agency furnishes a consumer report to a person who "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681b(a)(3)(A).  To that end, courts have consistently found debt collection to be a permissible purpose for seeking a consumer's credit report under the FCRA.  *See e.g.*, *Demaestri v. Asset Acceptance Capital Corp.*, Nos. 11-cv-01671-WJM-MJW, 11-cv-01672-WJM-MJW, 2012 WL 1229907, at *4 (D. Colo. Mar. 4, 2012); *Great Seneca Fin. Corp. v. Fisher*, No. Civ.A. 05-2059-KHV, 2005 WL 1875664, at *3 (D. Kan. Aug. 8, 2005).

Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds that defendant obtained plaintiff's consumer report for a permissible purpose under the FCRA. Based upon the undisputed evidence that defendant was acting as a debt collector for plaintiff's Discover account, defendant is entitled to summary judgment as a matter of law as to the portion of plaintiff's FCRA claim pertaining to defendant's alleged impermissible purpose for obtaining

4

plaintiff's credit report.

          2.      Reporting Information to Consumer Reporting Agencies and Validating Debt

Local Civil Rule 7.1(g) provides, in pertinent part: "Any motion that is not opposed within 21 days may, in the discretion of the Court, be deemed confessed." To that end, a plaintiff abandons her claim when the plaintiff fails to address it in her response to the defendants' motion for summary judgment. *See Hinsdale v. City of Liberal, Kan.*, 19 F. App'x 749, 768-69 (10th Cir. 2001). Thus, a plaintiff's failure to respond is "fatal" to her claims. *See id.* at 769.

In the case at bar, defendant filed its motion for summary judgment on October 1, 2012. In plaintiff's response, filed October 29, 2012, plaintiff did not oppose defendants' arguments that it had no obligation under the FCRA to report information to consumer reporting agencies, nor to validate plaintiff's debt. To date, plaintiff has not addressed said arguments that defendant has set forth. Having carefully reviewed the parties' submissions, the Court finds that plaintiff's failure to respond deems as confessed that defendant had no obligation under the FCRA to report information to consumer reporting agencies, nor to validate plaintiff's debt.

Accordingly, the Court finds that defendant is entitled to summary judgment as to plaintiff's FCRA claims.

    B.      Telephone Consumer Protection Act ("TCPA")

Plaintiff asserts that defendant used an autodialer or predictive dialer to call plaintiff's cellular phone. Defendant contends that it is entitled to summary judgment as to plaintiff's TCPA claim because defendant's phone records show that it never called plaintiff's cell phone.

The TCPA prohibits a person from:

    [M]aking any call (other than a call made for emergency purposes or

> made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

47 U.S.C. § 227(b)(1)(A)(iii).

Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds that defendant did not use an automatic telephone dialing system or an artificial or prerecorded voice to make calls to plaintiff's cellular phone. Specifically, a rational jury would find that defendant did not use an automatic telephone dialing system or an artificial or prerecorded voice to make calls to plaintiff's cellular phone because: (1) the electronic account record for the autodialer calls defendant made on plaintiff's account were not to plaintiff's cellular phone and (2) defendant's telecommunications bill shows that defendant did not call plaintiff's cellular phone. Plaintiff has not provided evidence that would materially dispute the fact that defendant did not use an automatic telephone dialing system or an artificial or prerecorded voice to make calls to plaintiff's cellular phone.

Accordingly, the Court finds that defendant is entitled to summary judgment as to plaintiff's TCPA claims.

C.    FDCPA

"The statute of limitations for FDCPA claims is found in 15 U.S.C. § 1692k(d)." *Johnson v. Riddle*, 305 F.3d 1107, 1113 (10th Cir. 2002). Section 1692k(d) states: "An action to enforce any

liability created by [the FDCPA] may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs."

Here, the Court finds that plaintiff failed to bring her FDCPA claim within one year of defendant's alleged violations. Based upon plaintiff's admission that defendant ceased collection activities when defendant assigned plaintiff's account to Hood & Stacy on February 23, 2010, and based upon the evidence submitted of defendant's phone records, the Court finds that February 23, 2010 was the date of defendant's alleged FDCPA violations. However, plaintiff did not file her FDCPA claim until November 23, 2011. Moreover, the only communication between plaintiff and defendant within the one-year statute of limitations – the December 21, 2010 phone call that plaintiff initiated – was not a violation of the FDCPA as plaintiff initiated the contact. *See* 15 U.S.C. § 1692c.

Accordingly, the Court finds that defendant is entitled to summary judgment as to plaintiff's FDCPA claim.

> D.    Invasion of Privacy and Negligence

As discussed in Part III.A.2, a plaintiff abandons her claim when the plaintiff fails to address it in her response to the defendant's motion for summary judgment. *See Hinsdale*, 19 F. App'x at 768-69. In other words, a plaintiff's failure to respond is "fatal" to her claims. *See id.* at 769.

Here, defendant contends that plaintiff's claims for invasion of privacy and "negligent, wanton and/or intentional hiring and intentional conduct, supervision of incompetent debt collectors" fail to state a claim upon which relief can be granted. Having carefully reviewed the parties' submissions, the Court finds that plaintiff has abandoned her claim as she has failed to address defendant's argument in her response.

7

Accordingly, the Court finds that defendant is entitled to summary judgment as to plaintiff's claims for invasion of privacy and "negligent, wanton and/or intentional hiring and intentional conduct, supervision of incompetent debt collectors."

IV.    Conclusion

For the reasons set forth above, the Court GRANTS defendant's Motion for Summary Judgment [docket no. 44].

**IT IS SO ORDERED this 20th day of November, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE